1  Richard A. Solomon, Bar No. 82923
   Holly J. Nolan, Bar No. 140775
2  SOLOMON, GRINDLE, LIDSTAD & WINTRINGER, APC
   A Professional Corporation
3  11682 El Camino Real, Suite 250
   San Diego, CA 92130
4  Telephone:  (858) 793-8500
   Facsimile:  (858) 793-8263
5
   Attorneys for Plaintiff
6  SUSAN HOLLANDER

7

8                  UNITED STATES DISTRICT COURT

9                SOUTHERN DISTRICT OF CALIFORNIA

10

11  SUSAN HOLLANDER,                )   Case No:  **'16 CV 2927 BEN JMA**
                                    )
12              Plaintiff,          )   **COMPLAINT FOR BREACH OF**
                                    )   **CONTRACT; BREACH OF FIDUCIARY**
13  -vs-                            )   **DUTY; NEGLIGENCE; TRESPASS TO**
                                    )   **CHATTELS; CONSPIRACY RE TRESPASS**
14  UBS FINANCIAL SERVICES, INC.; LEE )  **TO CHATTELS; AND INTENTIONAL**
    GILLIAM,                        )   **INFLICTION OF EMOTIONAL DISTRESS**
15                                  )
                Defendants.         )   (DEMAND FOR JURY TRIAL)
16  _____ )

17        Plaintiff SUSAN HOLLANDER ("Plaintiff"), complains and alleges as follows:

18                        **JURISDICTION AND VENUE**

19        1.    This Court has jurisdiction over this action and venue is proper in this Court because:

20              a.    There is diversity pursuant to 28 U.S.C.A. § 1332.

21              b.    Liability of one or more causes of action arose in the County of San Diego, State

22   of California; and

23              c.    Plaintiff's injuries occurred n the County of San Diego, State of California;

24                        **GENERAL ALLEGATIONS**

25        2.    Plaintiff is, and at all times mentioned herein was, a resident of Carlsbad, County of San

26   Diego, California.

27        3.    Plaintiff is informed and believes, and based thereon alleges, that Defendant UBS

28   FINANCIAL SERVICES, INC.("UBS") is, and at all time mentioned herein was, a Delaware

1 | corporation, which is authorized to and is doing business in California.

2 |      4.     Plaintiff is informed and believes, and based thereon alleges, that Defendant LEE

3 | GILLIAM ("GILLIAM") is, and at all time mentioned herein was, an individual residing in Tennessee.

4 |      5.     Plaintiff held two personal depository accounts with UBS, Accounts ending 870 and 823

5 | (collectively referred to as "Accounts"). Plaintiff was, at all times, herein mentioned, the only

6 | authorized account holder on these accounts.

7 |      6.     The Accounts were subject to the terms and conditions set forth in the Agreements and

8 | Disclosures ("Agreement") provided by UBS to Plaintiff.

9 | **FIRST CAUSE OF ACTION**

10 | **(Breach of Contract as against Defendant UBS)**

11 |      7.     Plaintiff realleges and hereby incorporates Paragraphs 1 through 6, inclusive, as though

12 | fully set forth herein.

13 |      8.     Pursuant to the terms of the Agreement, UBS agreed to keep the information about the

14 | Accounts confidential and only release information to authorized persons. UBS breached the Agreement

15 | as follows:

16 |      a.     On or about December 2, 2015, Plaintiff discovered that UBS disclosed the existence of

17 | the Accounts to unauthorized third parties, including, but not limited to, the account numbers and the

18 | balances in the accounts.

19 |      b.     On or about December 2, 2015, Plaintiff discovered that UBS placed a unilateral freeze

20 | on Account No. Ending 870, without Plaintiff's knowledge or authorization. The freeze prevented the

21 | Plaintiff from having access the account. The freeze also caused Plaintiff to have two checks bounce,

22 | despite UBS' agreement to allow the check for Plaintiff's health insurance premium to clear.

23 |      c.     In or about December 2015, as to Account No. Ending 823, UBS refused to cooperate

24 | with Plaintiff in a timely manner regarding the transfer of the account.

25 |      d.     As to Account No. Ending 823, on or about January 4, 2016, UBS disclosed confidential

26 | information to third parties regarding the transfer of the account from UBS to another financial

27 | institution, including the name of the new financial institution.

28 |      All of the above actions taken by UBS were done without the knowledge or authorization of

1 | Plaintiff.

2 | 9. Plaintiff has performed all conditions, covenants and promises required of her to be

3 | performed in accordance with the Agreement and the Accounts, except those that are excused as a matter

4 | of law.

5 | 10. As a direct and proximate result thereof, Plaintiff has been damaged by reason of UBS'

6 | breach of the Agreement as alleged herein above. Plaintiff's damages are not presently ascertained, but

7 | are estimated to exceed $75,000.00.

8 | 11. Plaintiff has been required to retain qualified attorneys licensed to practice law in the

9 | State of California and the United States District Court for the Southern District of California, and has

10 | incurred, and will continue to incur, attorneys' fees and costs in connection with the pursuit of this

11 | action. Plaintiff will seek recovery of her attorneys' fees incurred in prosecuting this action pursuant to

12 | the Agreement and/or statute.

13 | **SECOND CAUSE OF ACTION**

14 | **(Breach of Fiduciary Duty against All Defendants)**

15 | 12. Plaintiff realleges and hereby incorporates Paragraphs 1 through 11, inclusive, as though

16 | fully set forth herein.

17 | 13. Per the express terms of the Agreement and by common law, Defendants, and each of

18 | them, owed a fiduciary duty to Plaintiff. Defendants, and each of them, acted as investment advisors to

19 | Plaintiff in conjunction with the Accounts.

20 | 14. Defendants, and each of them, breached the fiduciary duty to Plaintiff as set forth above,

21 | including, but not limited to:

22 | a. Disclosing the existence of the Accounts to unauthorized third parties, including, but not

23 | limited to, the account numbers and the balances in the accounts.

24 | b. Placing a unilateral freeze on Account No. Ending 870, without Plaintiff's knowledge or

25 | authorization, preventing Plaintiff from having access the account and causing Plaintiff to bounce two

26 | checks.

27 | c. Refusing to cooperate with Plaintiff in a timely manner regarding the transfer of the

28 | accounts.

d.      As to Account No. Ending 823, disclosing confidential information to third parties regarding the transfer of the account from UBS to another financial institution, including the name of the new financial institution.

15.     Defendants, and each of them, knew that their actions were in breach of their fiduciary duties to Plaintiff.

16.     As a direct and proximate result of Defendants' breach of fiduciary duty, Plaintiff has suffered damages, including general and special damages and damages for emotional distress.  Plaintiff's damages are not presently ascertained, but are estimated to exceed $75,000.00.

**THIRD CAUSE OF ACTION**

**(Negligence as against All Defendants)**

17.     Plaintiff realleges and hereby incorporates Paragraphs 1 through 16, inclusive, as though fully set forth herein.

18.     Defendants, and each of them, owed a duty of care to Plaintiff to fulfill their obligations under the Agreement and to keep information about the Accounts confidential.

19.     Defendants, and each of them, breached their duty as follows:

a.      Disclosing the existence of the Accounts to unauthorized third parties, including, but not limited to, the account numbers and the balances in the accounts.

b.      Placing a unilateral freeze on Account No. Ending 870, without Plaintiff's knowledge or authorization, preventing Plaintiff from having access the account and causing Plaintiff to bounce two checks.

c.      Refusing to cooperate with Plaintiff in a timely manner regarding the transfer of the accounts.

d.      As to Account No. Ending 823, disclosing confidential information to third parties regarding the transfer of the account from UBS to another financial institution, including the name of the new financial institution.

20.     As a direct and proximate result of Defendants' breach of duty, Plaintiff has suffered damages, including damages for emotion distress.  Plaintiff's damages are not presently ascertained, but are estimated to exceed $75,000.00.

## FOURTH CAUSE OF ACTION

### (Trespass to Chattels as against All Defendants)

21.     Plaintiff realleges and hereby incorporates Paragraphs 1 through 20, inclusive, as though fully set forth herein.

22.     Defendants, and each of them, intentionally and without authorization or other legal right, froze Account No. Ending 870 such that Plaintiff did not have access to the funds in the account.

23.     Defendants, and each of them, further intentionally and without authorization or other legal right, interfered with Plaintiff's rights regarding the opening of Account No. Ending 823, the transfer of assets to Account No. Ending 823 and the transfer of the account by failing to communicate with and timely comply with Plaintiff's requests regarding Account No. Ending 823.

24.     Defendants' actions constitute a trespass to chattels.

25.     As a direct and proximate result of Defendants' trespass to chattels, Plaintiff has suffered damages in an amount to be proven at trial.

26.     In addition, as a direct and proximate result of the Defendants' breach of duty, Plaintiff has suffered emotional distress damages in an amount to be proven at trial.  Defendants, and each of them, knew or should have known that disclosing information regarding the Accounts, as set forth above, and precluding access to the Accounts and/or failing to communicate with Plaintiff regarding the Accounts would cause Plaintiff emotional distress in not having reasonable access to the Accounts.

## FIFTH CAUSE OF ACTION

### (Conspiracy to Commit Trespass to Chattels as against All Defendants)

27.     Plaintiff realleges and hereby incorporates Paragraphs 1 through 26, inclusive, as though fully set forth herein.

28.     Defendants, and each of them, intentionally and without authorization or other legal right, conspired with a third party, to freeze Account No. 870 such that Plaintiff did not have access to the funds in the account.  Defendants, and each of them, further intentionally and without authorization or other legal right, conspired with a third party to interfere with Plaintiffs' right to Account No. Ending 823 by disclosing to the third party that Account No. Ending 823 had been transferred to another financial institution and providing the third party with the name of the other financial institution.  Such

1  actions were with the intent to conspire with the third party to interfere with Plaintiff's use and access to
2  the Accounts.

3       29.     As a direct and proximate result of Defendants' conspiracy, Plaintiff has suffered
4  damages in an amount to be proven at trial.

5       30.     In addition, as a direct and proximate result of the Defendants' actions, Plaintiff
6  has suffered emotional distress damages in an amount to be proven at trial. Defendants, and each of
7  them, knew or should have known that disclosing information regarding the Accounts, as set forth
8  above, and precluding access to the Accounts and/or failing to communicate with Plaintiff regarding the
9  Accounts would cause Plaintiff emotional distress in not having reasonable access to the Accounts.

10                                               **VI.**

11                               **SIXTH CAUSE OF ACTION**

12          **(Intentional Infliction of Emotional Distress as against All Defendants)**

13       31.     Plaintiff realleges and hereby incorporates Paragraphs 1 through 30, inclusive, as though
14  fully set forth herein.

15       32.     As investment advisors to Plaintiff, Defendants's actions as set forth herein, constituted
16  extreme and outrageous conduct in the context of Defendants' duties to Plaintiff.

17       33.     Defendants actions as set forth herein were intended to cause or showed a complete
18  disregard of substantial probability of causing severe emotional distress to Plaintiff.

19       34.     As a direct and proximate result of Defendants' actions, Plaintiff has suffered severe
20  emotional distress in an amount to be proven at trial. Defendants, and each of them, knew or should
21  have known that disclosing information regarding the Accounts, as set forth above, and precluding
22  access to the Accounts and/or failing to communicate with Plaintiff regarding the Accounts would cause
23  Plaintiff emotional distress in not having reasonable access to the Accounts.

24                                              **VII.**

25                             **SEVENTH CAUSE OF ACTION**

26                 **(Wrongful Dishonor of Check as against Defendant UBS)**

27       35.     Plaintiff realleges and hereby incorporates Paragraphs 1 through 34, inclusive, as though
28  fully set forth herein.

36.     On or about December 8, 2015, a check written by Plaintiff to pay her health insurance premium bounced because UBS had unlawfully put a freeze on Plaintiff's Account No. Ending 870. Plaintiff notified UBS that she had to pay her health insurance premium and UBS agreed to clear the check so that the health insurance could be paid.  On or about December 15, 2015, the insurance check bounced in spite of UBS' assurance that the check would clear.

37.     Plaintiff incurred damages in an amount to be proved up at trial for UBS' wrongful dishonor of the check.

38.     In addition, as a direct and proximate result of the UBS' wrongful dishonor of the check, Plaintiff has suffered emotional distress in an amount to be proven at trial.  UBS knew or should have known that dishonoring the check, twice, would cause Plaintiff emotional distress.

WHEREFORE, Plaintiff SUSAN HOLLANDER prays for judgment against all Defendants, joint and severally, as follows:

**ON THE FIRST CAUSE OF ACTION:**

1.     For general damages according to proof at trial;

**ON THE SECOND CAUSE OF ACTION:**

2.     For general damages according to proof at trial;

3.     For special damages according to proof at trial;

**ON THE THIRD CAUSE OF ACTION:**

4.     For general damages according to proof at trial;

5.     For special damages according to proof at trial;

**ON THE FOURTH CAUSE OF ACTION:**

6.     For general damages according to proof at trial;

7.     For special damages according to proof at trial;

**ON THE FIFTH CAUSE OF ACTION:**

8.     For general damages according to proof at trial;

9.     For special damages according to proof at trial;

**ON THE SIXTH CAUSE OF ACTION:**

10.     For damages according to proof at trial;

Case 3:16-cv-02927-BEN-JMA   Document 1   Filed 12/01/16   Page 8 of 8

1    **ON THE SEVENTH CAUSE OF ACTION:**

2         11.    For general damages according to proof at trial;

3         12.    For special damages according to proof at trial;

4    **ON ALL CAUSES OF ACTION:**

5         13.    For reasonable attorney's fees incurred herein pursuant to contract or statute;

6         14.    For costs of suit incurred herein; and

7         15.    For such other and further relief as the Court deems just and proper.

8    Dated:    Dec. 1, 2016            SOLOMON, GRINDLE, LIDSTAD
                                       & WINTRINGER,, APC
9

10

11                                     By: _____

12                                          Richard A. Solomon
                                            Holly J. Nolan
13                                     Attorneys for Plaintiff SUSAN HOLLANDER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8
COMPLAINT