UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSAN HOLLANDER,<br><br>                             Plaintiff,<br><br>v.<br><br>UBS FINANCIAL SERVICES, INC.;<br>LEE GILLIAM,<br><br>                            Defendants. | Case No.: 3:16-cv-02927-BEN-LL<br><br>**ORDER GRANTING PLAINTIFF COUNSEL'S MOTION TO BE RELIEVED AS COUNSEL OF RECORD FOR PLAINTIFF SUSAN HOLLANDER**<br><br>**[Doc. No. 10]** |

Before the Court is a Motion to be Relieved as Counsel of Record for Plaintiff Susan Hollander ("Plaintiff") filed by Solomon, Grindle, Lidstad & Wintringer, APC ("Counsel"). Defendants UBS Financial Services, Inc., and Lee Gilliam (collectively "Defendants") filed a notice indicating that they do not oppose Counsel's motion. (*See* Doc. No. 11.) The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78. Having considered the moving papers, the Court **GRANTS** the Motion to be Relieved as Counsel of Record.

## I. <u>LEGAL STANDARD</u>

"An attorney may not withdraw as counsel except by leave of court." *Darby v. City of Torrance*, 810 F. Supp. 275, 278 (C.D. Cal. 1992). "The decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Irwin v. Mascott*, 2004 U.S. Dist. LEXIS 28264 (N.D. Cal. December 1, 2004) (citing *Wash. v.

1

*Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982)). In considering a request to withdraw, courts weigh "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Beard v. Shuttermart of Cal., Inc.*, No. 07CV594WQH (NLS), 2008 WL 410694, at *2 (S.D. Cal. Feb. 13, 2008). To be permitted to withdraw as counsel, an attorney must take reasonable steps to avoid any foreseeable prejudice to the client, give due notice to the client, allow time for the client to seek other counsel, and comply with all other laws and rules. *Hendricks v. BBC Am., Inc.*, CV 14-2989-RSWL-SSx, 2016 U.S. Dist. LEXIS 185291, at *4, 2016 WL 7173810 (C.D. Cal. Jan. 21, 2016); Cal. R. Prof'l Conduct 3-700(A)(2).

## II. DISCUSSION

Counsel's motion has satisfied the substantive and procedural requirements to be relieved in this action. First, Counsel asserts convincing reasons for being relieved. Rule 3-700(c)(1)(5) permits withdrawal when a client renders it unreasonably difficult for counsel to carry out the representation. *Id.* 3-700(c)(1)(5). Here, Counsel seeks to be relieved because of "a failure on the part of Plaintiff to honor obligations of the attorney-client fee agreement and a breakdown in attorney-client communications." (Doc. No. 10 at 1.)

Second, it does not appear that Counsel's withdrawal would cause prejudice to other litigants, as Defendants have submitted a Notice of Non-Opposition to Counsel's Motion to be Relieved as Counsel of Record. (*See* Doc. No. 11.)

Third, Counsel's withdrawal would not harm the administration of justice. Counsel suggests that the relationship with Plaintiff has irretrievably broken down, which indicates to the Court that Counsel's continuing representation of Plaintiff would not advance the pending litigation. *See Hershey v. Berkeley*, No. EDCV 07-689 VAP (JCRx), 2008 WL 4723610, at *1-2 (C.D. Cal. Oct. 24, 2008) (granting motion to withdraw because of the plaintiff's non-responsiveness and lack of cooperation with

2

3:16-cv-02927-BEN-LL

counsel which prevented counsel from proceeding with prosecution, resulting in a breakdown of the attorney-client relationship).

Fourth, Counsel's withdrawal is unlikely to cause significant delay. The case is currently stayed by Order entered on a Joint Motion to Stay Action Pending Arbitration which has not commenced due to Plaintiff's health concerns and now, lack of communication between Counsel and Plaintiff. (*See* Doc. No. 10-1 at 2.) Thus, it should be relatively easy for a new attorney to become familiar with the case.

Finally, the Court is satisfied that Counsel has complied with all applicable rules of professional responsibility and conduct.

Therefore, the Court finds that Counsel has satisfied the substantive requirements necessary to withdraw its representation of Plaintiff in this action.

### III. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Solomon, Grindle, Lidstad & Wintringer, APC's Motion to be Relieved as Counsel of Record for Plaintiff.

It is further **ORDERED** that Plaintiff obtain new counsel **by August 15, 2019**. If no notice of appearance is filed by August 15, 2019, Plaintiff will be deemed *pro se*.

Current Counsel will be relieved when new counsel files a notice of appearance or on August 15, 2019, whichever is first. Counsel shall serve Plaintiff with any orders from this Court until that time. Counsel shall immediately serve Plaintiff with a copy of this Order by mail and file a proof of service thereafter. Lastly, the Court **ORDERS** Counsel to file under seal Plaintiff's address, phone number, and e-mail address by **August 15, 2019**. The Court vacates the Motion Hearing currently scheduled for July 15, 2019 and will reset the matter for a Status Conference after August 15, 2019 at a later date.

**IT IS SO ORDERED.**

DATED: July 12, 2019

**HON. ROGER T. BENITEZ**
United States District Judge